**E-Filed 5/14/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AURORA NATIONAL LIFE ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW C. JOHNSON, et al.,<br><br>Defendants.<br>AND RELATED CLAIMS. | Case Number C 07-216 JF (HRL)<br><br>ORDER[1] GRANTING MOTION TO DISCHARGE<br><br>[re: docket no. 19] |

## I. BACKGROUND

On January 11, 2007, Plaintiff Aurora National Life Insurance Company ("Aurora") filed a complaint in interpleader. Aurora alleges the following: It is the stakeholder obligated under an annuity contract. Complaint ¶ 5. On or about May 15, 1986, the parents of Matthew C. Johnson (Johnson) entered into a settlement ("the Settlement") with certain insureds of Progressive Insurance Company in connection with the resolution of certain claims made on behalf of Johnson. Complaint ¶ 7. Progressive was to purchase an annuity to fund the Settlement.

---

[1] This disposition is not designated for publication and may not be cited.

1  Complaint ¶ 8. Progressive made a qualified assignment to First Executive Corporation ("First
2  Executive") to fund the settlement. Complaint ¶ 10. In turn, First Executive purchased an
3  annuity from Executive Life Insurance Company ("the ELIC Annuity"). Complaint ¶ 11.
4  Pursuant to the terms of the annuity, Johnson was to receive the following payments:

|  |  |
| --- | --- |
| March 5, 1994 | $10,000.00 |
| March 5, 1995 | $10,000.00 |
| March 5, 1996 | $10,000.00. |
| March 5, 1997 | $10,000.00 |
| March 5, 2001 | $55,000.00 |
| March 5, 2006 | $90,000.00 |
| March 5, 2011 | $135,550.00 |

9  Complaint ¶ 12. Subsequently, Executive Life Insurance Company was placed into rehabilitation
10 and the ELIC Annuity was assumed and reinsured by Aurora as annuity contract number
11 C21403189A ("the Annuity"). Complaint ¶ 13. As a result, Aurora's subsequent benefit
12 payments were to be made at 95.4775% of the original benefit amount. *Id.* The Annuity is
13 currently owned by FL Assignments. *Id.* The payments that remain due under the Annuity are
14 $85,929.75, due on March 5, 2006, and $129,419.75, due on March 5, 2011. Complaint ¶ 14.
15          Aurora also alleges the following: On or about March 5, 1998, Johnson entered into a
16 purported purchase agreement with J.G. Wentworth SSC Limited Partnership ("Wentworth").
17 Complaint ¶ 16. Under that agreement, Johnson purported to assign to Wentworth the payment
18 of $85,929.75, due on March 5, 2006. *Id.* On or about August 25, 2004, Aurora received notice
19 that 321 Henderson Receivables Limited Partnership ("Henderson") had filed a petition for
20 approval for transfer of structured settlement payment rights by and between Johnson and
21 Henderson. Complaint ¶ 17. In light of the potentially competing claims to payment between
22 Wentworth and Johnson, Aurora suspended the payment due on March 5, 2006. Complaint ¶ 21.
23 Aurora requested direction from FL Assignments with respect to the payment at issue.
24 Complaint ¶ 22. FL Assignments has taken the position that Wentworth has no right to the
25 payment at issue absent a court order. Complaint ¶ 23. Aurora requests the Court to order
26 Wentworth and Johnson to interplead their respective claims to the payment at issue without
27 further involvement of Aurora.
28          On February 14, 2007, Wentworth filed a cross-claim and a counter-claim against Aurora,

Case No. C 07-216 JF (HRL)
ORDER GRANTING MOTION TO DISCHARGE
(JFLC1)

asserting that Aurora is a stakeholder not knowing whom to pay without direction from the Court or FL Assignments, and that Aurora should release the payment to Wentworth pursuant to the terms of Wentworth's purchase agreement with Johnson.  On February 22, 2007, after motions by Aurora, the clerk entered defaults as to FL Assignments and Johnson.  On April 5, 2007, Aurora moved for discharge from liability in connection with the payment at issue.  Aurora requests an order directing it as to whom it should forward the payment at issue or, alternatively, permitting it to deposit the suspended payment into the registry of the Court.  No opposition to the motion was received.  The Court heard oral argument on May 11, 2007.

## II.  LEGAL STANDARD

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

Fed. R. Civ. P. 22(1).

> [A district court hearing an action in interpleader] shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

## III.  DISCUSSION

The Court concludes that Aurora is or may be exposed to double or multiple liability. While Johnson has not appeared in this action to date, the proper disputants of this action are Johnson and Wentworth.  Johnson and Wentworth are diverse parties, so jurisdiction is proper. 28 U.S.C. § 1335.[2]  The deposit of the disputed payment is a jurisdictional requirement.  *Id.*

---

[2] That section provides that jurisdiction is proper where "(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by

3

Case No. C 07-216 JF (HRL)
ORDER GRANTING MOTION TO DISCHARGE
(JFLC1)

Accordingly, the Court will grant the unopposed motion on the condition that Aurora deposit the contested payment with the clerk of the Court.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

a. The motion to discharge Aurora of liability for the disputed payment is GRANTED on the condition that Aurora National Life Assurance Company deposit $85,929.75 with the clerk of this Court within fourteen days of this order.

b. Defendants Johnson, Wentworth, and FL Assignments shall interplead their claims to the disputed payment without further involvement of Aurora.[3]

DATED: May 14, 2007

_____
JEREMY FOGEL
United States District Judge

---

virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. § 1395.

[3] Wentworth already has included Johnson and FL Assignments as cross-defendants to its cross-claim.

1  This Order has been served upon the following persons:
2  James Richard Felton          jfelton@greenbass.com, mtyndall@greenbass.com
3  William Allen Hanssen         william.hanssen@dbr.com
4  Will S. Skinner               Will.Skinner@dbr.com
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 07-216 JF (HRL)
ORDER GRANTING MOTION TO DISCHARGE
(JFLC1)