**E-Filed 11/19/2007**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AURORA NATIONAL LIFE ASSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>MATTHEW C. JOHNSON, et al.,<br><br>   Defendants.<br>AND RELATED CLAIMS | Case Number C 07-216 JF (HRL)<br><br>ORDER[1] GRANTING DECLARATORY JUDGMENT<br><br>[re: docket no. 39] |

## I. BACKGROUND

On January 11, 2007, Plaintiff Aurora National Life Insurance Company ("Aurora") filed the instant complaint in interpleader. The complaint alleges the following facts: Aurora is the stakeholder obligated under an annuity contract. Complaint ¶ 5. On or about May 15, 1986, the parents of Matthew C. Johnson (Johnson) entered into a settlement ("the Settlement") with certain insureds of Progressive Insurance Company in connection with the resolution of certain claims made on behalf of Johnson. Complaint ¶ 7. Progressive was to purchase an annuity to

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-216 JF (HRL)
ORDER GRANTING DECLARATORY JUDGMENT
(JFEX2)

1  fund the Settlement. Complaint ¶ 8. Progressive made a qualified assignment to First Executive

2  Corporation ("First Executive") to fund the settlement. Complaint ¶ 10. In turn, First Executive

3  purchased an annuity from Executive Life Insurance Company ("the ELIC Annuity"). Complaint

4  ¶ 11. Pursuant to the terms of the annuity, Johnson was to receive the following payments:

| | |
|---|---|
| March 5, 1994 | $10,000.00 |
| March 5, 1995 | $10,000.00 |
| March 5, 1996 | $10,000.00. |
| March 5, 1997 | $10,000.00 |
| March 5, 2001 | $55,000.00 |
| March 5, 2006 | $90,000.00 |
| March 5, 2011 | $135,550.00 |

Complaint ¶ 12. Subsequently, Executive Life Insurance Company was placed into rehabilitation and the ELIC Annuity was assumed and reinsured by Aurora as annuity contract number C21403189A ("the Annuity"). Complaint ¶ 13. As a result, Aurora's subsequent benefit payments were to be made at 95.4775% of the original benefit amount. *Id.* The Annuity currently is owned by FL Assignments. *Id.* The payments that remain due under the Annuity are $85,929.75, due on March 5, 2006, and $129,419.75, due on March 5, 2011. Complaint ¶ 14.

The complaint also alleges the following additional facts: On or about March 5, 1998, Johnson entered into a purported purchase agreement with J.G. Wentworth SSC Limited Partnership ("Wentworth"). Complaint ¶ 16. Under that agreement, Johnson purported to assign to Wentworth the payment of $85,929.75, due on March 5, 2006. *Id.* On or about August 25, 2004, Aurora received notice that 321 Henderson Receivables Limited Partnership ("Henderson") had filed a petition for approval for transfer of structured settlement payment rights by and between Johnson and Henderson. Complaint ¶ 17. In light of the potentially competing claims to payment between Wentworth and Johnson, Aurora suspended the payment due on March 5, 2006. Complaint ¶ 21. Aurora requested direction from FL Assignments with respect to the payment at issue. Complaint ¶ 22. FL Assignments has taken the position that Wentworth has no right to the payment at issue absent a court order. Complaint ¶ 23.

Aurora requests that the Court order Wentworth and Johnson to interplead their respective claims to the payment at issue. On February 14, 2007, Wentworth filed a cross-claim and a counter-claim against Aurora, asserting that Aurora is a stakeholder not knowing whom to

2

Case No. C 07-216 JF (HRL)
ORDER GRANTING DECLARATORY JUDGMENT
(JFEX2)

pay without direction from the Court or FL Assignments, and that Aurora should release the payment to Wentworth pursuant to the terms of Wentworth's purchase agreement with Johnson. Wentworth also included a cross-claim against Johnson and FL Assignments, seeking an order declaring the rights, title, and interests in the payment. On Johnson and FL Assignments were served with the cross-claim. On February 22, 2007, at Aurora's request, the Clerk entered defaults as to FL Assignments and Johnson.  On April 5, 2007, Aurora moved for discharge from liability in connection with the payment at issue.  Aurora requested directions as to the proper disposition of the payment at issue or, alternatively, an order permitting it to deposit the suspended payment into the registry of the Court.  No opposition to the motion was received. On May 15, 2007, the Court granted Aurora's motion for discharge on the condition that Aurora deposit $85,929.75 with the Clerk of the Court. Additionally, the Court ordered Johnson, Wentworth, and FL Assignments to interplead their claims to the disputed payment without further involvement of Aurora.

On May 24, 2007, Aurora deposited the sum of $85,929.75 with the Clerk of the Court. On June 4, 2007, the clerk entered default judgment against FL Assignments for failure to appear or otherwise respond to the cross-complaint. On July 24, 2007, the Clerk entered default judgment against Johnson for failure to appear or otherwise respond to the cross-complaint. On September 11, 2007, Wentworth moved for entry of a declaratory judgment and mailed a copy of the motion to Johnson and FL Assignments.  No written opposition was filed, and neither Johnson nor FL assignments appeared at the hearing on November 16, 2007.

## II. DISCUSSION

Wentworth seeks a judgment authorizing the release of the $85,929.75, plus any accrued interest, to Wentworth. Wentworth has obtained default judgments against Johnson and FL Assignments. Aurora has already sought and obtained its discharge in this case and has deposited the payment at issue with the Clerk of the Court.  Neither Johnson nor FL Assignments has appeared to oppose Wentworth's request. Accordingly, Wentworth is entitled to a judgment authorizing the release of $85,929.75, plus any accrued interest, to Wentworth.

### III.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Clerk of the Court release the sum of $85,929.75, plus any interest on that has accrued on such amount since May 24, 2007, be paid to Wentworth.

DATED: November 19, 2007

_____
JEREMY FOGEL
United States District Judge

1 | This Order has been served upon the following persons:
2 | James Richard Felton     jfelton@greenbass.com
3 | William Michael Pierce     sjlaw@yahoo.com
4 | Will Spencer Skinner     Will.Skinner@dbr.com

Case No. C 07-216 JF (HRL)
ORDER GRANTING DECLARATORY JUDGMENT
(JFEX2)