NOT FOR CITATION

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA NATIONAL LIFE ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW C. JOHNSON, J.G. WENTWORTH SSC LIMITED PARTNERSHIP, and FL ASSIGNMENTS CORPORATION,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM AND CROSS-CLAIM | Case No. C07 00216 JF HRL<br>Assigned to Honorable Jeremy Fogel, Judge for All Purposes<br><br>**ORDER[1] GRANTING DECLARATORY JUDGMENT**<br><br>[re: docket no. 39]<br><br>Complaint filed January 11, 2007 |

## I. BACKGROUND

On January 11, 2007, Plaintiff Aurora National Life Assurance Company ("Aurora") filed the instant complaint in interpleader. The complaint alleges the following facts: Aurora is the stakeholder obligated under an annuity contract. Complaint ¶ 5. On or about May 15, 1986, the parents of Matthew C. Johnson (Johnson) entered into a settlement ("the Settlement") with certain insureds of Progressive Insurance Company in connection with the resolution of certain claims

---

[1] This disposition is not designated for publication and may not be cited.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106064\1

1

ORDER GRANTING DECLARATORY JUDGMENT

made on behalf of Johnson. Complaint ¶ 7. Progressive was to purchase an annuity to fund the Settlement. Complaint ¶ 8. Progressive made a qualified assignment to First Executive Corporation ("First Executive") to fund the settlement. Complaint ¶ 10. In turn, First Executive purchased an annuity from Executive Life Insurance Company ("the ELIC Annuity"). Complaint ¶ 11. Pursuant to the terms of the annuity, Johnson was to receive the following payments:

| | |
|---|---|
| March 5, 1994 | $ 10,000.00 |
| March 5, 1995 | $ 10,000.00 |
| March 5, 1996 | $ 10,000.00 |
| March 5, 1997 | $ 10,000.00 |
| March 5, 2001 | $ 55,000.00 |
| March 5, 2006 | $ 90,000.00 |
| March 5, 2011 | $135,550.00 |

Complaint ¶ 12. Subsequently, Executive Life Insurance Company was placed into rehabilitation and the ELIC Annuity was assumed and reinsured by Aurora as annuity contract number C21405357A ("the Annuity"). Complaint ¶ 13. As a result, Aurora's subsequent benefit payments were to be made at 95.4775% of the original benefit amount. *Id.* The Annuity is currently owned by FL Assignments. *Id.* The payments that remain due under the Annuity are $85,929.75, due on March 5, 2006, and $129,419.75, due on March 5, 2011. Complaint ¶ 14.

The complaint also alleges the following additional facts: On or about March 5, 1998, Johnson entered into a purported purchase agreement with J.G. Wentworth SSC Limited Partnership ("Wentworth"). Complaint ¶ 16. Under that agreement, Johnson purported to assign to Wentworth the payment of $85,929.75, due on March 5, 2006. *Id.* On or about August 25, 2004, Aurora received notice that 321 Henderson Receivables Limited Partnership ("Henderson") had filed a petition for approval for transfer of structured settlement payment rights by and between Johnson and Henderson. Complaint ¶ 17. In light of the potentially competing claims to payment between Wentworth and Johnson, Aurora suspended the payment due on March 5, 2006. Complaint ¶ 21. Aurora requested direction from FL Assignments with respect to the payment at issue. Complaint ¶ 22.

LA1\106064\1

2

ORDER GRANTING DECLARATORY JUDGMENT

1 | FL Assignments has taken the position that Wentworth has no right to the payment
2 | at issue absent a court order. Complaint ¶ 23.
3 |       Aurora requests that the Court order Wentworth and Johnson to interplead
4 | their respective claims to the payment at issue. On February 14, 2007, Wentworth
5 | filed a cross-claim and a counter-claim against Aurora, asserting that Aurora is a
6 | stakeholder not knowing whom to pay without direction from the Court or
7 | FL Assignments, and that Aurora should release the payment to Wentworth pursuant
8 | to the terms of Wentworth's purchase agreement with Johnson. Wentworth also
9 | included a cross-claim against Johnson and FL Assignments, seeking an order
10 | declaring the rights, title, and interests in the payment. On Johnson and
11 | FL Assignments were served with the cross-claim. On February 22, 2007, at
12 | Aurora's request, the Clerk entered defaults as to FL Assignments and Johnson.
13 | On April 5, 2007, Aurora moved for discharge from liability in connection with the
14 | payment at issue. Aurora requested directions as to the proper disposition of the
15 | payment at issue or, alternatively, an order permitting it to deposit the suspended
16 | payment into the registry of the Court. No opposition to the motion was received.
17 | On May 15, 2007, the Court granted Aurora's motion for discharge on the condition
18 | that Aurora deposit $85,929.75 with the Clerk of the Court. Additionally, the Court
19 | ordered Johnson, Wentworth, and FL Assignments to interplead their claims to the
20 | disputed payment without further involvement of Aurora.
21 |       On May 24, 2007, Aurora deposited the sum of $85,929.75 with the Clerk of
22 | the Court. On June 4, 2007, the clerk entered default judgment against
23 | FL Assignments for failure to appear or otherwise respond to the cross-complaint.
24 | On July 24, 2007, the Clerk entered default judgment against Johnson for failure to
25 | appear or otherwise respond to the cross-complaint. On September 11, 2007,
26 | Wentworth moved for entry of a declaratory judgment and mailed a copy of the
27 | motion to Johnson and FL Assignments. No written opposition was filed, and
28 | neither Johnson nor FL assignments appeared at the hearing on November 16, 2007.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106064\1

3

ORDER GRANTING DECLARATORY JUDGMENT

## II. DISCUSSION

Wentworth seeks a judgment authorizing the release of the $85,929.75, plus any accrued interest, to Wentworth. Wentworth has obtained default judgments against Johnson and FL Assignments. Aurora has already sought and obtained its discharge in this case and has deposited the payment at issue with the Clerk of the Court. Neither Johnson nor FL Assignments has appeared to oppose Wentworth's request. Accordingly, Wentworth is entitled to a judgment authorizing the release of $85,929.75, plus any accrued interest, to Wentworth.

## III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Clerk of the Court release the sum of $85,929.75, plus any interest on that has accrued on such amount since May 24, 2007, be paid to Wentworth.

DATED: 4/8_____, 2008.

_____
The Honorable Jeremy Fogel
United States District Court Judge

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106064\1

4

ORDER GRANTING DECLARATORY JUDGMENT

# PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA  } ss.:
COUNTY OF LOS ANGELES

*Aurora National Life Assurance Company v. Matthew C. Johnson, et al.*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504.

On April 2, 2008, I served on interested parties in said action the within:

**ORDER GRANTING DECLARATORY JUDGMENT**

by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 2, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____Elizabeth Woodfork_____         _____(Signature)_____
(Type or print name)

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106064\1

## SERVICE LIST
*Aurora National Life Assurance Company v. Matthew C. Johnson, et al.*

James R. Felton, Esq.
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, CA 91436

PH: (818) 382-6200
*Fax: (818) 986-6534*
e-mail: jfelton@greenbass.com

Attorneys for Defendant, Counter-Claimant and Cross-Complainant
J.G. WENTWORTH SSC LIMITED PARTNERSHIP