NOT FOR CITATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA NATIONAL LIFE ASSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW C. JOHNSON, J.G. WENTWORTH SSC LIMITED PARTNERSHIP, and FL ASSIGNMENTS CORPORATION,<br><br>Defendants. | Case No. CO7 00216 JF HRL<br>Assigned to Honorable Jeremy Fogel, Judge for All Purposes<br><br>**ORDER[1] GRANTING MOTION TO DISCHARGE**<br><br>[re: docket no. 19]<br><br>Complaint filed January 11, 2007 |
| AND RELATED COUNTERCLAIM AND CROSS-CLAIM | |

## I.   BACKGROUND

On January 11, 2007, Plaintiff Aurora National Life Assurance Company ("Aurora") filed a complaint in interpleader. Aurora alleges the following: It is the stakeholder obligated under an annuity contract. Complaint ¶ 5. On or about May 15, 1986, the parents of Matthew C. Johnson (Johnson) entered into a settlement ("the Settlement") with certain insureds of Progressive Insurance Company in connection with the resolution of certain claims made on behalf of

---

[1] This disposition is not designated for publication and may not be cited.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

1 Johnson. Complaint ¶ 7. Progressive was to purchase an annuity to fund the
2 Settlement. Complaint ¶ 8. Progressive made a qualified assignment to First
3 Executive Corporation ("First Executive") to fund the settlement. Complaint ¶ 10.
4 In turn, First Executive purchased an annuity from Executive Life Insurance
5 Company ("the ELIC Annuity"). Complaint ¶ 11. Pursuant to the terms of the
6 annuity, Johnson was to receive the following payments:

7
| March 5, 1994 | $ 10,000.00 |
| March 5, 1995 | $ 10,000.00 |
8 | March 5, 1996 | $ 10,000.00 |
| March 5, 1997 | $ 10,000.00 |
9 | March 5, 2001 | $ 55,000.00 |
| March 5, 2006 | $ 90,000.00 |
10 | March 5, 2011 | $135,550.00 |

11 Complaint ¶ 12. Subsequently, Executive Life Insurance Company was placed into
12 rehabilitation and the ELIC Annuity was assumed and reinsured by Aurora as
13 annuity contract number C21405357A ("the Annuity"). Complaint ¶ 13. As a
14 result, Aurora's subsequent benefit payments were to be made at 95.4775% of the
15 original benefit amount. *Id.* The Annuity is currently owned by FL Assignments.
16 *Id.* The payments that remain due under the Annuity are $85,929.75, due on
17 March 5, 2006, and $129,419.75, due on March 5, 2011. Complaint ¶ 14.

18       Aurora also alleges the following: On or about March 5, 1998, Johnson
19 entered into a purported purchase agreement with J.G. Wentworth SSC Limited
20 Partnership ("Wentworth"). Complaint ¶ 16. Under that agreement, Johnson
21 purported to assign to Wentworth the payment of $85,929.75, due on
22 March 5, 2006. *Id.* On or about August 25, 2004, Aurora received notice that
23 321 Henderson Receivables Limited Partnership ("Henderson") had filed a petition
24 for approval for transfer of structured settlement payment rights by and between
25 Johnson and Henderson. Complaint ¶ 17. In light of the potentially competing
26 claims to payment between Wentworth and Johnson, Aurora suspended the payment
27 due on March 5, 2006. Complaint ¶ 21. Aurora requested direction from
28 FL Assignments with respect to the payment at issue. Complaint ¶ 22.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106055\1

2

ORDER GRANTING MOTION TO DISCHARGE

1 FL Assignments has taken the position that Wentworth has no right to the payment
2 at issue absent a court order.  Complaint ¶ 23.  Aurora requests the Court to order
3 Wentworth and Johnson to interplead their respective claims to the payment at issue
4 without further involvement of Aurora.

5      On February 14, 2007, Wentworth filed a cross-claim and a counter-claim
6 against Aurora, asserting that Aurora is a stakeholder not knowing whom to pay
7 without direction from the Court or FL Assignments, and that Aurora should release
8 the payment to Wentworth pursuant to the terms of Wentworth's purchase
9 agreement with Johnson.  On February 22, 2007, after motions by Aurora, the clerk
10 entered defaults as to FL Assignments and Johnson.  On April 5, 2007, Aurora
11 moved for discharge from liability in connection with the payment at issue.  Aurora
12 requests an order directing it as to whom it should forward the payment at issue or,
13 alternatively, permitting it to deposit the suspended payment into the registry of the
14 Court.  No opposition to the motion was received.  The Court heard oral argument
15 on May 11, 2007.

16 ## II.    LEGAL STANDANRD

17 Persons having claims against the plaintiff may be joined as defendants
18 and required to interplead when their claims are such that the plaintiff
is or may be exposed to double or multiple liability. It is not ground for
19 objection to the joinder that the claims of the several claimants or the
titles on which their claims depend do not have a common origin or are
20 not identical but are adverse to and independent of one another, or that
the plaintiff avers that the plaintiff is not liable in whole or in part to
21 any or all of the claimants.  A defendant exposed to similar liability
may obtain such interpleader by way of cross-claim or counterclaim.
22 The provisions of this rule supplement and do not in any way limit the
joinder of parties permitted in Rule 20.

23 Fed. R. Civ. P. 22(1).

24 [A district court hearing an action in interpleader] shall hear and
determine the case, and may discharge the plaintiff from further
25 liability, make the injunction permanent, and make all appropriate
orders to enforce its judgment.
26
27 28 U.S.C. § 2361.
28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106055\1
3
ORDER GRANTING MOTION TO DISCHARGE

## III.    DISCUSSION

The Court concludes that Aurora is or may be exposed to double or multiple liability.  While Johnson has not appeared in this action to date, the proper disputants of this action are Johnson and Wentworth.  Johnson and Wentworth are diverse parties, so jurisdiction is proper.  28 U.S.C. § 1335.[2]  The deposit of the disputed payment is a jurisdictional requirement.  *Id.*  Accordingly, the Court will grant the unopposed motion on the condition that Aurora deposit the contested payment with the clerk of the Court.

## IV.    ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that:

a.    The motion to discharge Aurora of liability for the disputed payment is GRANTED on the condition that Aurora National Life Assurance Company deposit $85,929.75 with the clerk of this Court within fourteen days of this order.

b.    Defendants Johnson, Wentworth, and FL Assignments shall interplead their claims to the disputed payment without further involvement of Aurora.[3]

DATED:____4/8____, 2008.

The Honorable Jeremy Fogel
United States District Court Judge

---

[2]  That section provides that jurisdiction is proper where "(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." 28 U.S.C. §1395.

[3]  Wentworth already has included Johnson and FL Assignments as cross-defendants to its cross-claim.

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106055\1                                    4
ORDER GRANTING MOTION TO DISCHARGE

## PROOF OF SERVICE BY MAIL

1

2

3  STATE OF CALIFORNIA         } ss.:

4  COUNTY OF LOS ANGELES       }

5  *Aurora National Life Assurance Company v. Matthew C. Johnson, et al.*

6       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504.

7

8       On April 2, 2008, I served on interested parties in said action the within:

9  ### ORDER GRANTING MOTION TO DISCHARGE

10  by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

11

12       I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

13

14

15       Executed on April 2, 2008, at Los Angeles, California.

16       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

18      Elizabeth Woodfork                      
    (Type or print name)             (Signature)

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106055\1

## SERVICE LIST

*Aurora National Life Assurance Company v. Matthew C. Johnson, et al.*

1
2
3  James R. Felton, Esq.
   GREENBERG & BASS LLP
4  16000 Ventura Boulevard, Suite 1000
   Encino, CA  91436
5
   PH:  (818) 382-6200
6  *Fax:  (818) 986-6534*
   e-mail:  jfelton@greenbass.com
7
   Attorneys for Defendant, Counter-
8  Claimant and Cross-Complainant
   J.G. WENTWORTH SSC LIMITED
9  PARTNERSHIP
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles      LA1\106055\1